IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:05-cv-0278 Judge Thomas M. Hardiman |
| MARK T. KOSICK, et al., | ) ) | |
| Defendants. | ) | |

## OPINION

### I.   Introduction

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) brought this declaratory judgment action against its insured, Defendant Mark Kosick (Kosick). State Farm claims that Kosick cannot recover uninsured motorist (UM) damages because he has already recovered underinsured motorist (UIM) damages. The parties agree that no material facts are in dispute; accordingly, they have filed cross-motions for summary judgment and the matter is ripe for final adjudication pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### II.   Facts

This case arises out of a tragic car accident on February 4, 2004. Defendant Kosick was a passenger in a car driven by his high school friend, Salina Edinger (Edinger). Edinger, Kosick and three friends – Shawn Heller (Heller), Justin Costello (Costello), and Tyler Drzemiecki (Drzemiecki) – left the basketball game they were attending to make a quick trip to a nearby

convenience store. Edinger drove, Heller sat in the front passenger seat, and Kosick sat in the back seat between Costello and Drzemiecki. Edinger was driving north on Pennsylvania State Route 308, a two lane road with one lane in each direction. A vehicle that remains unidentified approached in the southbound lane and Edinger guided her car slightly to the right. Heller then reached over and jerked the wheel sharply in the same direction. In response to Heller's action, Edinger turned hard to the left, causing the vehicle to traverse both lanes and overturn, coming to rest against some trees near the southbound side of the road.

The only factual dispute in this case is whether the oncoming vehicle was a cause of the accident. Kosick claims that the oncoming car caused Edinger to veer to the right and Heller to reach over and jerk the wheel. This, in turn, led to the overcorrection and the accident itself. State Farm, on the other hand, claims that the testimony of the witnesses indicates that the oncoming car did not intrude into the northbound lane and it was after that car had passed that Edinger and Heller took the actions that led to the crash.

Kosick suffered extensive injuries as a result of the accident. His parents submitted a claim for UIM damages under two separate insurance policies and State Farm paid the policy limits. Subsequently, Kosick's parents sought UM damages under both policies, but State Farm denied coverage and seeks a declaratory judgment that Kosick is not entitled to UM coverage under the policies.

### III.  Standard of Review

Summary judgment is required on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that

2

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). An issue is "material" only if the factual dispute "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

"Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted). The parties have a duty to present evidence; neither statements of counsel in briefs nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must make a showing sufficient to establish the existence of each element essential to her case on which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Pursuant to the Supreme Court's decision in *Erie Railroad Co. v. Tomkins*, 304 U.S. 64 (1938) and its interpretation by the Third Circuit Court of Appeals, when sitting in diversity, this Court is bound "by the law of Pennsylvania as it has been determined by the state supreme court." *Baker v. Outboard Marine Corp.*, 595 F.2d 176, 182 (3d Cir. 1979). When the Pennsylvania Supreme Court has not spoken on the issues raised, the district court must predict how that court would resolve the issues if asked to do so. *Wiley v. State Farm Fire & Cas. Co.*,

3

995 F.2d 457, 459 (3d. Cir. 1993).

## IV. Analysis

### A. Nature of the Dispute

Although the parties disagree about one fact, *viz.*, the involvement of the "phantom vehicle" in the accident, the facts material to the case are undisputed. The parties agree that the Kosicks had two insurance policies with State Farm, each providing for UIM and UM coverage. It is also undisputed that State Farm paid Kosick the limits of the policies for UIM coverage. Kosick now seeks to recover UM damages for the same accident for which he previously recovered UIM damages. State Farm insists that such recovery is impermissible as a matter of law.

The policies issued to the Kosicks by State Farm included the following language in Section III: "The amount we will pay for damages is subject to the limitation of Title 75 of the Pennsylvania Consolidated Statutes." State Farm then points to the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), contained within Title 75, which provides: "(d) Limitation on Recovery. A person who recovers damages under uninsured motorist's coverage or coverages cannot recover damages under underinsured motorist's coverage or coverages for the same accident." 75 Pa.C.S.A. §1731. The question presented in this case is whether §1731 of the MVFRL prevents Kosick from recovering UM damages after he recovered UIM damages.

State Farm argues that §1731 unambiguously prohibits recovery of both UIM and UM damages for the same accident. Kosick argues, on the other hand, that although §1731 precludes recovery of UIM damages *after* UM damages are paid, that section does not preclude the inverse,

namely, recovery of UM damages after UIM damages are paid. Thus, Kosick argues that he is entitled to collect UM damages in addition to the UIM damages he has received already because the order in which damages are paid dictates whether coverage exists.

### B.     Language of §1731

The Court looks first to the text of the statute to determine its meaning and effect. *Sweger v. Chesney*, 294 F.3d 506, 516 (3d Cir. 2002). The Court notes that nothing in the language of §1731 suggests that the order in which damages are paid is dispositive. Rather, §1731 simply states: "a person who recovers damages under uninsured motorist's coverage or coverages cannot recover damages under underinsured motorist's coverage or coverages for the same accident." The statute does not state that one who *first* recovers UM damages cannot *subsequently* recover UIM damages. Significantly, there is no temporal language that would lead the Court to conclude that reversing the sequence of submitting insurance claims changes the import of the statute's prohibition.

As State Farm correctly notes, to suggest that the statute bars recovery of UIM damages after UM damages are recovered while permitting the inverse would lead to the untenable result that an insured seeking to recover both UM and UIM damages could merely file a UIM claim first and avoid entirely the statute's limitation. Kosick does not provide - and the Court cannot discern - any policy reason to support his contention that the legislature intended to prevent one sequence of dual UIM and UM recovery, but not the other.

"In close or doubtful insurance cases, it is well-established that a court should resolve the meaning of insurance policy provisions or the legislative intent in favor of coverage for the insured." *Danko v. Erie Ins. Exchange*, 630 A.2d 1219, 1222 (Pa. Super. 1993). Contrary to

5

Defendant's insistence, however, this case is neither close nor doubtful. To conclude that the statute meant to foreclose only one of two functionally equivalent avenues to recovery would require the Court to ignore the plain language of the statute. Moreover, accepting Kosick's argument would violate another fundamental principle of Pennsylvania statutory interpretation, *viz.*, that the Court must presume the legislature did not intend an absurd result. *Lindner v. Mollan*, 677 A.2d 1194, 1196 (Pa. 1996).

### C.     State Law Precedent

Although the Pennsylvania Supreme Court has not answered the question presented in this case, the Court does not write on a *tabula rasa*. In *Wolgemuth v. Harleysville Mut. Ins. Co.*, 535 A.2d 1145, 1149-50 (Pa. Super. 1988), the Pennsylvania Superior Court held that one injured in a one car accident could not recover both liability and UIM benefits under same policy of insurance. Similarly, in *Erie Ins. Exchange v. Danielson*, 621 A.2d 656 (Pa. Super. 1993), the injured party filed claims for both UIM and UM benefits stemming from an accident that involved two vehicles. The appellant in *Erie* argued that the case was distinguishable from *Wolgemuth* because two vehicles were involved instead of one. In a concise and clear opinion, former Chief Judge Del Sole disagreed, citing §1731 in support of the denial of recovery:

> Appellant overlooks, however, the distinguishing facts in the instant case: first, that he is attempting to recover both types of benefits when he was involved in a *single* accident, and second, that he is attempting to do so under a *single* policy. The fact that there were two tortfeasors involved in the instant case does not warrant a different result. Both the MVFRL and the terms of the Erie policy clearly prohibit the type of recovery sought by Appellant. The Pennsylvania Motor Vehicle Financial Responsibility Law at the time of the accident provided: (d) Limitation on Recovery. A person who recovers damages under uninsured motorist's coverage or coverages cannot recover damages under underinsured motorist's coverage or coverages for the *same accident*.

*Id.* at 529 (emphasis in original). Thus, the Superior Court concluded "because both the MVFRL and the policy issued by Erie specifically prohibit recovery of both underinsured and uninsured benefits for the same accident, the trial court was correct in its denial of the recovery requested by Appellant." *Id.* at 530.

In the instant case, Kosick argues that *Erie* does not control because the facts are distinguishable. First, he argues that the policy at issue in *Erie* contained language that specifically mirrored the text of §1731, thus making the prohibition on dual recovery explicit in the policy itself. As mentioned previously, however, the State Farm policy at issue in this case generally referenced the limits present in the MVFRL, without specifically including the language of §1731. Although Kosick correctly notes that the Superior Court in *Erie* mentioned the presence of the limiting language in the policy involved in that case, it is also true that the language tracked the statute in that case. In this case, as in *Erie*, the language of §1731 controls because the policy language is consistent therewith.

Kosick next attempts to distinguish *Erie* because the claims for UIM and UM benefits were filed simultaneously, while here Kosick sought UIM benefits before he sought UM benefits. The Court is unpersuaded by this distinction. Such a precedent would further torture the logic of §1731, with the result that injured parties cannot recover UIM damages after receiving UM damages, or UIM damages and UM damages simultaneously, but *can* recover UM damages *after* filing for and receiving UIM benefits. Neither the statute itself nor the opinion in *Erie* support such a distinction. The temporal language that might alter §1731 consistent with Kosick's argument is similarly absent from Judge Del Sole's opinion in *Erie*. The Superior Court's

unanimous decision in *Erie* plainly states that the MVFRL prohibits "recovery of both underinsured and uninsured benefits for the same accident." *Id.* at 530.

## V.   Conclusion

In light of the language of the statute and the Superior Court's well-reasoned, unanimous opinion in *Erie*, the Court predicts that the Pennsylvania Supreme Court would not read into 75 Pa. C.S.A. §1731 a temporal component the recovery Kosick seeks here. Rather, the Court predicts that the Pennsylvania Supreme Court would follow the Superior Court's decision in *Erie* and hold that one who recovers damages for underinsured motorist coverage cannot recover damages for uninsured motorist coverage rising out of the same accident and under the same policy of insurance. Accordingly, State Farm is entitled to summary judgment on its claim for declaratory relief.

An appropriate order follows.

s/ *Thomas M. Hardiman*
Thomas M. Hardiman
United States District Judge

April 10, 2006